IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| RUSSELL GREEN<br>23283 S. Hospital Drive<br>Spring Hill, KS  66083<br><br>            Plaintiff,<br><br>vs.<br><br>UNILEVER SUPPLY CHAIN, INC.<br>515 S. Kansas Avenue<br>Topeka, KS  66603<br><br>            Defendant. | Case No: 08-CV-2563 JWL/JPO |

## COMPLAINT

**COMES NOW**, plaintiff, by and through his attorney of record and for his cause of action against the defendant alleges and states as follows;

### PARTIES, JURISDICTION AND VENUE

1.      Plaintiff Russell Green, is an individual over 40 years of age and residing at 23283 S. Hospital Drive, Spring Hill, KS  66083.

2.      Defendant Unilever Supply Chain, Inc., is organized under Delaware law and operating in Kansas as a foreign for profit organization.  Defendant may be served at its registered agent, The Corporation Company, Inc., 515 S. Kansas Avenue, Topeka, KS  66603.  At all times relevant herein defendant employed in excess of 300 employees.  Defendant is an employer as defined by and within the meaning of the several statutes upon which plaintiff's claims are based.

3.      Both jurisdiction and venue are proper in this Court because a federal question is presented in plaintiff's claim for discrimination, which arises out of the Civil Rights Act of 1964 as amended in 1991, 42 U.S.C. § 12101, *et seq.*, the Americans with

Disabilities Act. Plaintiff invokes jurisdiction of this Court pursuant to 28 U.S.C. § 1331 and venue pursuant to 28 U.S.C. § 1391.

## ALLEGATIONS COMMON TO ALL COUNTS

4. On May 7, 2007, plaintiff began working for defendant as a warehouse supervisor. As a warehouse supervisor, plaintiff would supervise the activities within the warehouse to ensure the efficient receipt and material flow of raw materials and packaging supplies to three (3) manufacturing processes. Additionally, plaintiff was responsible for managing the beginning to end material flow through the facility while supporting the three (3) production departments. Plaintiff performed his work and services at defendant's New Century, Kansas facility.

5. Plaintiff was diagnosed with Temporal Lobe Epilepsy over twenty (20) years ago. As a result of his condition, plaintiff occasionally suffers seizures which cause him, among other symptoms, to "black out", forget important tasks, and/or speak or write unintelligibly.

6. Prior to beginning work for employer, plaintiff underwent a pre-employment physical examination at the request of defendant.

7. The pre-employment physical examination revealed plaintiff's epilepsy as well as carpal tunnel syndrome.

8. On May 7, 2007, the date plaintiff began working for defendant, plaintiff notified his direct supervisor that he had an epileptic seizure on or about May 5, 2007.

9. Plaintiff's direct supervisor then referred him to Human Resources, who told plaintiff that defendant was more concerned with plaintiff's carpal tunnel syndrome than with plaintiff's epilepsy.

10. On or about July 7, 2007, approximately 60 days from the date of his hire, plaintiff was notified by the defendant that the defendant was not satisfied with plaintiff's job performance.

11. Each of the areas for improvement identified by defendant were attributable to defendant's epilepsy.

12. Plaintiff informed defendant that he would seek the assistance of a doctor to address defendant's concerns.

13. Plaintiff did, in fact, seek medical assistance from a physician and was prescribed a new medication that required approximately ninety (90) days usage to evaluate its effectiveness. Plaintiff reported this to defendant.

14. In September 2007, defendant placed plaintiff on sixty (60) days probation in order to perform his duties according to the defendant's standards or be terminated. At this point, plaintiff's new epilepsy treatment had not been allowed sufficient time to evaluate its effectiveness.

15. In November 2007, defendant terminated plaintiff's employment due to dissatisfaction with plaintiff's job performance.

16. During his first week of employment, plaintiff was subjected to comments by another warehouse supervisor indicating that supervisor' displeasure with plaintiff's hiring. Said worker told plaintiff that plaintiff was not wanted at the job site. Plaintiff timely filed a complaint with the Equal Employment Opportunity Commission (hereinafter "EEOC") claiming discrimination based on disability. Despite its declaration to the contrary, defendant had no intention of accommodating plaintiff's disability in order to allow plaintiff to continue his employment.

17. On September 12, 2007, defendant advertised plaintiff's position as being open for individuals to apply, despite its alleged attempts to allow plaintiff to improve his job performance, and despite defendant's attempts to seek medical treatment that would allow his continued employment with defendant.

18. Plaintiff has timely filed a written complaint of discrimination and received a right to sue letter. All conditions precedent to the institution of this lawsuit have been fulfilled, including the exhaustion of administrative remedies available to plaintiff.

### COUNT I - AMERICANS WITH DISABILITIES ACT

19. Plaintiff incorporates by reference all prior paragraphs plead herein.

20. Plaintiff is a disabled person within the meaning of the statute, which disability was disclosed to the defendant.

21. Plaintiff is qualified to perform the essential functions of his job either with or without reasonable accommodations.

22. After plaintiff notified defendant of its dissatisfaction with his job performance, plaintiff asked for reasonable accommodation for his disability. Defendant failed to respond to plaintiff with reasonable accommodation and terminated plaintiff prior to the required length of time to evaluate the effectiveness of the medication.

23. Defendant failed to engage in the interactive process after plaintiff requested reasonable accommodation.

24. Plaintiff suffered adverse employment actions as defendant terminated plaintiff's employment without providing reasonable accommodation. Defendant terminated plaintiff's employment due to his disability.

25. Defendant terminated plaintiff without a legitimate nondiscriminatory basis for such termination. At all times plaintiff was able to perform the essential functions of his job either with or without reasonable accommodation.

26. Defendant's refusal to allow plaintiff a minimum of ninety (90) days to evaluate the effectiveness of medical treatment was without a legitimate nondiscriminatory basis. At all times, plaintiff had the work experience and ability to perform the essential functions of the job either with or without reasonable accommodation.

27. As a result, plaintiff has sustained injuries, damages and emotional distress. Plaintiff will continue to sustain such damages, harm, injury and emotional distress into the future as a result of the acts and conduct of defendant.

28. Defendant has intentionally discriminated against plaintiff by terminating him due to his disability and having created further a hostile work environment for plaintiff when he did work there. In addition, defendant has intentionally discriminated against the plaintiff by refusing to engage in the interactive process and offer reasonable accommodation to the plaintiff due to his disability.

29. Plaintiff has had to retain counsel to represent him in this action and to seek redress for the violation of his protected rights.

**WHEREFORE**, plaintiff respectfully prays the Court for back pay, front pay, actual damages, compensatory damages, all costs, expenses, expert witness fees, attorney's fees incurred herein, prejudgment interest and for such other relief as the Court may deem just and proper.

## DEMAND FOR A JURY TRIAL

Plaintiff demands trial by jury on all issues which are triable by a jury in this Complaint.

## PLACE OF JURY TRIAL

Plaintiff demands that the trial of this matter be held in Kansas City, Kansas.

RESPECTFULLY SUBMITTED,

WALLACE, SAUNDERS, AUSTIN,
BROWN AND ENOCHS, CHARTERED

By /s/ Mark E. McFarland
    Mark E. McFarland    KS #14138
    mmcfarland@wsabe.com
s/  Amber H. Jeffers    KS #23144
    ajeffers@wsabe.com
    10111 West 87th Street
    P.O. Box 12290
    Overland Park, KS 66282
    913-888-1000
    913-888-1065 - FAX

ATTORNEYS FOR PLAINTIFF